1  K. Randolph Moore, Esq. SBN 106933
   Tanya Moore, Esq. SBN 206683
2  MOORE LAW FIRM, P.C.
   332 N. Second Street
3  San Jose, CA  95112
   Telephone (408) 271-6600
4  Facsimile (408) 298-6046

5  Attorneys for Plaintiff
   Anthony Lerma

6

7

8

9

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

10

11  ANTHONY LERMA,                          CV 10-  4979  HRL

12           Plaintiff,                     **Plaintiff's Complaint**

13      vs.

14  FOOD BOWL 99, INC; ONOFRE
    VIZCARRA dba LA ENRRAMADA;
15  DANIEL YET and VINA YET,

16           Defendants,

17

18  _____

19                    I.       SUMMARY

20   1. This is a civil rights action by plaintiff ANTHONY LERMA ("Lerma")

21       for discrimination at the building, structure, facility, complex, property,

22       land, development, and/or surrounding business complex known as:

23  Common Areas McKee Road Shopping Center
24  1625-1635 McKee Rd.
    San Jose, CA 95116
25  (hereinafter "McKee Road Shopping Center")

26
    Food Bowl 99
27  1625 Mckee Rd.

28  *Lerma v. Food Bowl 99, Inc. et al.*

    Plaintiff's Complaint

San Jose, CA 95116
(hereinafter "Food Bowl 99 Facility")

La Enrramada
1635 Mckee Rd.
San Jose, CA 95116
(hereinafter "La Enrramada Facility)

2. Pursuant to the Americans with Disabilities Act of 1990, (42 U.S.C. §§ 12101 et seq.), and related California statutes, LERMA seeks damages, injunctive and declaratory relief, attorney fees and costs, against:

a)      DANIEL YET AND VINA YET (hereafter the "Mckee Rd Shopping Center Defendant");

b)      FOOD BOWL, 99 Inc., (hereafter the "FOOD BOWL 99 Defendant");

c)      ONOFRE VIZCARRA dba LA ENRRAMADA (hereafter the "LA ENRRAMADA Defendant");

## II. JURISDICTION

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4. Supplemental jurisdiction for claims brought under parallel California law – arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

5. Lerma's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III.   VENUE

6. All actions complained of herein take place within the jurisdiction of the United States District Court, Northern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b),(c).

## IV.   PARTIES

*Lerma v. Food Bowl 99, Inc. et al.*

Plaintiff's Complaint

7. The McKee Road Shopping Center Defendant owns, operates, manages, and/or leases the McKee Road Shopping Center Common Area, and consists of a person (or persons), firm, and/or corporation.

8. The Food Bowl 99 Defendant owns, operates, manages and/or leases the Food Bowl 99 Facility, and consists of a person (persons), firm, and/or corporation.

9. The La Enrramada Defendant owns, operates, manages and/or leases the La Enrramada Facility, and consists of a person (persons), firm, and/or corporation.

10. Lerma was diagnosed with advanced diabetes causing chronic non-healing ulcers on his legs and feet and degenerative disk disease of his back, radiculopathy and requires the use of a wheelchair when traveling about in public.  Consequently, Lerma is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

V.   FACTS

11. The McKee Road Shopping Center Common Area is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

12. The Food Bowl 99 Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

13. The La Enrramada Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

14. Lerma visited these facilities and encountered barriers (both physical and intangible) that interfered with – if not outright denied – his ability to use

*Lerma v. Food Bowl 99, Inc. et al.*

Plaintiff's Complaint

and enjoy the goods, services, privileges, and accommodations offered at the facility.

15. To the extent known by Lerma, the barriers at the McKee Road Shopping Center Common Area included, but are not limited to, the following:

 a. A warning sign regarding the penalty for unauthorized use of designated disabled parking spaces is not posted conspicuously at EACH entrance to the off-street parking facilities;

 b. Each warning sign does not state: "UNAUTHORIZED VEHICLES PARKED IN DESIGNATED ACCESSIBLE SPACES NOT DISPLAYING DISTINGUISHING PLACARDS OR SPECIAL LICENSE PLATES ISSUED FOR PERSONS WITH DISABILITIES WILL BE TOWED AWAY AT OWNER'S EXPENSE.  TOWED VEHICLES MAY BE RECLAIMED AT (Address) OR BY TELEPHONING (Phone Number); Sign must be black on white;

 c. The correct number of standard accessible and van-accessible parking stalls is not provided on the site;

 d. Parking bumper or curb is not provided to prevent encroachment of cars over the required width of walkways;

 e. Ramps encroach into accessible parking spaces or access aisles;

 f. Each parking space reserved for persons with disabilities is not identified by a reflectorized sign permanently posted immediately adjacent to and visible from each stall or space, consisting of a profile view of the International Symbol of Accessibility in white on a dark blue background;

 g. Van accessible parking space does not have an additional sign stating "Van Accessible" mounted below the Symbol of Accessibility;

*Lerma v. Food Bowl 99, Inc. et al.*

Plaintiff's Complaint

h. An additional sign below the symbol of accessibility does not state "Minimum Fine $250.00";

i. The surface of each accessible parking pace does not have a surface identification duplicating either of the following schemes:

    i. By outlining or painting the stall or space in blue and outlining on the ground in the stall or space in white or suitable contrasting color a profile view depicting a wheelchair with occupant;

    ii. By outlining a profile view of a wheelchair with occupant in white on blue background.  The profile view shall be located so that it is visible to a traffic enforcement officer when a vehicle is properly parked in the space and shall be 53" high by 53" wide with a 4" white border;

j. The loading and unloading access aisle is not marked by a border that is painted blue;

k. There is no accessible route provided within the boundary of the site to an accessible building entrances from:

    i. Public transportation stops;

    ii. Accessible parking spaces;

    iii. Accessible passenger loading zones;

    iv. Public streets and sidewalks;

l. The accessible route does not coincide, to the maximum extent feasible, with the route for the general traffic;

m. There is no accessible route connecting accessible buildings, accessible facilities, accessible elements and accessible spaces that are on the site;

n. No detectable warning surface at every connection of accessible route and driveway is provided;

*Lerma v. Food Bowl 99, Inc. et al.*

Plaintiff's Complaint

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

  o. Signage containing the International Symbol of Accessibility is not located at every primary public entrance and at every major exterior junction where the accessible route of travel diverges from the regular circulation path along or leading to an accessible route of travel;

These barriers prevented Lerma from enjoying full and equal access at the McKee Road Shopping Center Common Area.

16. Lerma was also deterred from visiting The McKee Road Shopping Center Common Area because he became aware that the goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself) at the McKee Road Shopping Center Common Area. He continues to be deterred from visiting the McKee Road Shopping Center Common Area because of the future threats of injury created by these barriers.

17. To the extent known by Lerma, the barriers at the Food Bowl 99 Facility included, but were not limited to, the following:

  a.   A warning sign regarding the penalty for unauthorized use of designated disabled parking spaces is not posted conspicuously at EACH entrance to the off-street parking facilities;

  b.   Each warning sign does not state: "UNAUTHORIZED VEHICLES PARKED IN DESIGNATED ACCESSIBLE SPACES NOT DISPLAYING DISTINGUISHING PLACARDS OR SPECIAL LICENSE PLATES ISSUED FOR PERSONS WITH DISABILITIES WILL BE TOWED AWAY AT OWNER'S EXPENSE. TOWED VEHICLES MAY BE RECLAIMED AT (Address) OR BY TELEPHONING (Phone Number); Sign must be black on white;

*Lerma v. Food Bowl 99, Inc. et al.*

Plaintiff's Complaint

c.   The correct number of standard accessible and van-accessible parking stalls is not provided on the site;

d.   Parking bumper or curb is not provided to prevent encroachment of cars over the required width of walkways;

e.   Each parking space reserved for persons with disabilities is not identified by a reflectorized sign permanently posted immediately adjacent to and visible from each stall or space, consisting of a profile view of the International Symbol of Accessibility in white on a dark blue background;

f.   Van accessible parking space does not have an additional sign stating "Van Accessible" mounted below the Symbol of Accessibility;

g.   An additional sign below the symbol of accessibility does not state "Minimum Fine $250.00";

h.   The surface of each accessible parking pace does not have a surface identification duplicating either of the following schemes:

   i.   By outlining or painting the stall or space in blue and outlining on the ground in the stall or space in white or suitable contrasting color a profile view depicting a wheelchair with occupant;

   ii.   By outlining a profile view of a wheelchair with occupant in white on blue background. The profile view shall be located so that it is visible to a traffic enforcement officer when a vehicle is properly parked in the space and shall be 53" high by 53" wide with a 4" white border;

i.   There is no accessible route provided within the boundary of the site to an accessible building entrances from:

*Lerma v. Food Bowl 99, Inc. et al.*

Plaintiff's Complaint

     i.     Public transportation stops;

     ii..    Accessible parking spaces;

     iii.    Accessible passenger loading zones;

     iv.    Public streets and sidewalks;

     v.     The accessible route does not coincide, to the maximum extent feasible, with the route for the general traffic;

j.     The loading and unloading access aisle is not marked by a border that is painted blue;

k.    There is no accessible route connecting accessible buildings, accessible facilities, accessible elements and accessible spaces that are on the site;

l.     No detectable warning surface at every connection of accessible route and driveway is provided;

m.   Signage containing the International Symbol of Accessibility is not located at every primary public entrance and at every major exterior junction where the accessible route of travel diverges from the regular circulation path along or leading to an accessible route of travel;

n.    There is no accessible entrance;

o.    Doors, fixtures and controls are not located on an accessible route;

p.    The minimum clear width of the accessible route is less than 36";

q.    Aisles with merchandise on one side are not 36" in width or aisles serving both sides are not 44" in width;

r.     Handles, pulls latches, locks and other operating devices on accessible doors don't a shape that is easy to grasp with one hand

*Lerma v. Food Bowl 99, Inc. et al.*

Plaintiff's Complaint

and require tight grasping, tight pinching or twisting of the wrist to operate;

s.    Sanitary facilities are not displaying signs in a minimum of two locations; one type located on the doorway to the facility, and another type mounted on the wall adjacent to the latch side of the door.

t.    The International Symbol of Accessibility is not posted at accessible sanitary facilities;

u.    The restroom identification signage is not located on the wall adjacent to the latch side of the door;

v.    Accessible toilet facilities are not identified by the International Symbol of Accessibility.

w.    Single accommodation toilet does not provide one accessible water closet and one accessible lavatory;

x.    The entrance door to the single-accommodation restroom is not accessible;

y.    The entrance door to a single accommodation toilet room does not contain a privacy latch (push button-lever release recommended);

z.    Doors swing into the clear floor space required for lavatory/water closet;

aa.    Opening hardware is not centered between 30" and 44" above finish floor;

bb.    Sufficient space for a wheelchair measuring 30" wide x 48" long to enter the room and permit the door to close is not provided;

cc.    A clear space of sufficient size to inscribe a 60" diameter circle, or a T-shaped clear space is not provided within the sanitary facility room;

*Lerma v. Food Bowl 99, Inc. et al.*

Plaintiff's Complaint

dd. The door encroaches more than 12" into the required clear space;

ee. The centerline of the water closet is not located an 18" distance from the side-wall or partition;

ff. A minimum 60" wide and 48" deep clear floor space is not provided in front of the water closet;

gg. Water closet controls are not operable with one hand and require tight grasping, pinching or twisting;

hh. Grab bars within the accessible compartment are not provided on the side wall closest to the water closet and on the rear wall;

ii. The toilet paper dispenser does not allow for continuous paper flow and does control the delivery;

jj. There no minimum 30"x48" clear space provided in front of the lavatory for forward approach;

kk. There is no minimum 18" distance provided from the centerline of the lavatory to adjacent sidewall;

ll. The clearance from bottom of apron to the floor is less than 29";

mm. The accessible lavatory has less than 17" of horizontal depth;

nn. Drain and hot water piping is not insulated or configured to prevent contact;

oo. There are sharp and abrasive elements under lavatory;

pp. Faucets are not lever type;

qq. Faucet controls and operating mechanisms are not operable with one hand and require tight grasping, pinching or twisting of the wrist;

rr. A minimum of 30"x48" clear floor space is not provided to allow forward or parallel approach to accessories;

*Lerma v. Food Bowl 99, Inc. et al.*

Plaintiff's Complaint

| | |
|---|---|
| ss. | Mirror is located above accessible lavatory or countertop is not installed with the bottom edge of the reflective surface 40" maximum above the finish floor or ground; |
| tt. | Operable parts (including coin slots) of all fixtures or accessories are not located a maximum of 40" above floor; |
| uu. | Directional signage to restrooms is not properly posted; |
| vv. | The required number of accessible check stands are not provided; |
| ww. | Accessible check stands are not always open to customers with disabilities and are not identified by a sign clearly visible to those in a wheelchair; |
| xx. | Signage of accessible check stands do not display the International Symbol of Accessibility in white on a blue background and does not state "This check stand to be open at all times for customers with disabilities". |

These barriers prevented Lerma from enjoying full and equal access at the Food Bowl 99 Facility.

18. Lerma was also deterred from visiting the Food Bowl 99 Facility because he became aware that the goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself) at the Food Bowl 99 Facility. He continues to be deterred from visiting the Food Bowl 99 Facility because of the future threats of injury created by these barriers.

19. To the extent known by Lerma, the barriers at the La Enrramada Facility included, but are not limited to, the following:

   a. A warning sign regarding the penalty for unauthorized use of designated disabled parking spaces is not posted conspicuously at EACH entrance to the off-street parking facilities;

*Lerma v. Food Bowl 99, Inc. et al.*

Plaintiff's Complaint

b. Each warning sign does not state: "UNAUTHORIZED VEHICLES PARKED IN DESIGNATED ACCESSIBLE SPACES NOT DISPLAYING DISTINGUISHING PLACARDS OR SPECIAL LICENSE PLATES ISSUED FOR PERSONS WITH DISABILITIES WILL BE TOWED AWAY AT OWNER'S EXPENSE.  TOWED VEHICLES MAY BE RECLAIMED AT (Address) OR BY TELEPHONING (Phone Number); Sign must be black on white;

c. The correct number of standard accessible and van-accessible parking stalls is not provided on the site;

d. Parking spaces are not located on the shortest accessible route of travel from adjacent parking to the accessible entrance;

e. Parking bumper or curb is not provided to prevent encroachment of cars over the required width of walkways;

f. Each parking space reserved for persons with disabilities is not identified by a reflectorized sign permanently posted immediately adjacent to and visible from each stall or space, consisting of a profile view of the International Symbol of Accessibility in white on a dark blue background;

g. There is no accessible route provided within the boundary of the site to an accessible building entrances from:

    i.   Public transportation stops;

    ii.   Accessible parking spaces;

    iii.   Accessible passenger loading zones;

    iv.   Public streets and sidewalks;

h. The accessible route does not coincide, to the maximum extent feasible, with the route for the general traffic;

*Lerma v. Food Bowl 99, Inc. et al.*

Plaintiff's Complaint

i.  There is no accessible route connecting accessible buildings, accessible facilities, accessible elements and accessible spaces that are on the site;

j.  No detectable warning surface at every connection of accessible route and driveway is provided;

k.  Signage containing the International Symbol of Accessibility is not located at every primary public entrance and at every major exterior junction where the accessible route of travel diverges from the regular circulation path along or leading to an accessible route of travel;

l.  Recessed doormats are not adequately anchored to prevent interference with wheelchair traffic;

m.  Doors, fixtures and controls are not located on an accessible route;

n.  The minimum clear width of the accessible route is less than 36";

o.  Handles, pulls latches, locks and other operating devices on accessible doors don't a shape that is easy to grasp with one hand and require tight grasping, tight pinching or twisting of the wrist to operate;

p.  Sanitary facilities are not displaying signs in a minimum of two locations; one type located on the doorway to the facility, and another type mounted on the wall adjacent to the latch side of the door.

q.  The International Symbol of Accessibility is not posted at accessible sanitary facilities;

r.  The restroom identification signage is not located on the wall adjacent to the latch side of the door;

*Lerma v. Food Bowl 99, Inc. et al.*

Plaintiff's Complaint

s.  Accessible toilet facilities are not identified by the International Symbol of Accessibility.

t.  Single accommodation toilet does not provide one accessible water closet and one accessible lavatory;

u.  The entrance door to the single-accommodation restroom is not accessible;

v.  The entrance door to a single accommodation toilet room does not contain a privacy latch (push button-lever release recommended);

w.  Doors swing into the clear floor space required for lavatory/water closet;

x.  Opening hardware is not centered between 30" and 44" above finish floor;

y.  Sufficient space for a wheelchair measuring 30" wide x 48" long to enter the room and permit the door to close is not provided;

z.  A clear space of sufficient size to inscribe a 60" diameter circle, or a T-shaped clear space is not provided within the sanitary facility room;

aa. The door encroaches more than 12" into the required clear space;

bb. The centerline of the water closet is not located an 18" distance from the side-wall or partition;

cc. A minimum 60" wide and 48" deep clear floor space is not provided in front of the water closet;

dd. Water closet controls are not operable with one hand and require tight grasping, pinching or twisting;

ee. The toilet paper dispenser is mounted less than a minimum height of 19" from the floor to the centerline of the dispenser;

*Lerma v. Food Bowl 99, Inc. et al.*

Plaintiff's Complaint

ff. The toilet paper dispenser is mounted more than a maximum distance of 36" from the rear wall to the front of the dispenser;

gg. The toilet paper dispenser does not allow for continuous paper flow and does control the delivery;

hh. There no minimum 30"x48" clear space provided in front of the lavatory for forward approach;

ii. There is no minimum 18" distance provided from the centerline of the lavatory to adjacent sidewall;

jj. The rim or counter of the lavatory is over 34" high;

kk. The clearance from bottom of apron to the floor is less than 29";

ll. The accessible lavatory has less than 17" of horizontal depth;

mm.      Faucets are not lever type;

nn. Faucet controls and operating mechanisms are not operable with one hand and require tight grasping, pinching or twisting of the wrist;

oo. A minimum of 30"x48" clear floor space is not provided to allow forward or parallel approach to accessories;

pp. Mirror is located above accessible lavatory or countertop is not installed with the bottom edge of the reflective surface 40" maximum above the finish floor or ground;

qq. Operable parts (including coin slots) of all fixtures or accessories are not located a maximum of 40" above floor;

rr. Directional signage to restrooms is not properly posted;

ss. Register counter exceeds 36";

tt. The required number of accessible check stands are not provided;

uu. Signage of accessible check stands do not display the International Symbol of Accessibility in white on a blue background and does not

*Lerma v. Food Bowl 99, Inc. et al.*

Plaintiff's Complaint

state "This check stand to be open at all times for customers with disabilities";

vv. Counter height exceeds 38" above finished floor;

ww.     Top of counter lip exceeds 40" above finished floor;

xx. Seating area is not configured for wheelchair accessibility;

These barriers prevented Lerma from enjoying full and equal access at the La Enrramada Facility.

20. Lerma was also deterred from visiting the La Enrramada Facility because he became aware that the goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself) at the La Enrramada Facility. He continues to be deterred from visiting the La Enrramada Facility because of the future threats of injury created by these barriers.

21. Lerma also encountered barriers at the various facilities which violate state and federal law, but were unrelated to him disability. Nothing within this complaint, however, should be construed as an allegation that Lerma is seeking to remove barriers unrelated to him disability.

22. McKee Road Shopping Center Defendant knew that these elements and areas of the McKee Road Shopping Center Common Area were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, McKee Road Shopping Center Defendant has the financial resources to remove these barriers from the McKee Road Shopping Center Common Area (without much difficulty or expense), and make the McKee Road Shopping Center Common Area accessible to the physically disabled. To date, however, McKee Road Shopping Center Defendant refuses to either remove those

barriers or seek an unreasonable hardship exemption to excuse non-compliance.

23. At all relevant times, McKee Road Shopping Center Defendant has possessed and enjoyed sufficient control and authority to modify the McKee Road Shopping Center Common Area to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. McKee Road Shopping Center Defendant has not removed such impediments and has not modified the McKee Road Shopping Center Common Area to conform to accessibility standards. McKee Road Shopping Center Defendant has intentionally maintained the McKee Road Shopping Center Common Area and in its current condition and has intentionally refrained from altering the McKee Road Shopping Center Common Area so that it complies with the accessibility standards.

24. Lerma further alleges that the (continued) presence of barriers at the McKee Road Shopping Center Common Area is so obvious as to establish McKee Road Shopping Center Defendant's discriminatory intent.[1] On information and belief, Lerma avers that evidence of this discriminatory intent includes McKee Road Shopping Center Defendant's refusal to adhere to relevant building standards; disregard for the building plans and permits issued for The McKee Road Shopping Center Common Area; conscientious decision to the architectural layout (as it currently exists) at the McKee Road Shopping Center Common Area; decision not to remove barriers from the McKee Road Shopping Center Common Area; and allowance that McKee Road Shopping Center Defendant's property continues to exist in its non-compliance state.

---

[1] E.g., Gunther v. Lin, 144 Cal.App.4th 223, fn.6

Lerma v. Food Bowl 99, Inc. et al.

Plaintiff's Complaint

1    Lerma further alleges, on information and belief, that the McKee Road
2    Shopping Center Common Area is not in the midst of a remodel, and that
3    the barriers present at the McKee Road Shopping Center Common Area
4    are not isolated (or temporary) interruptions in access due to maintenance
5    or repairs.[2]

6    25. Food Bowl 99 Defendant knew that these elements and areas of the Food
7    Bowl 99 Facility were inaccessible, violate state and federal law, and
8    interfere with (or deny) access to the physically disabled.  Moreover,
9    Food Bowl 99 Defendant has the financial resources to remove these
10   barriers from the Food Bowl 99 Facility (without much difficulty or
11   expense), and make the Food Bowl 99 Facility accessible to the
12   physically disabled.  To date, however, Food Bowl 99 Defendant refuses
13   to either remove those barriers or seek an unreasonable hardship
14   exemption to excuse non-compliance.

15   26. At all relevant times, Food Bowl 99 Defendant has possessed and
16   enjoyed sufficient control and authority to modify the Food Bowl 99
17   Facility to remove impediments to wheelchair access and to comply with
18   the Americans with Disabilities Act Accessibility Guidelines and Title 24
19   regulations.    Food Bowl 99 Defendant has not removed such
20   impediments and has not modified the Food Bowl 99 Facility to conform
21   to accessibility standards.  Food Bowl 99 Defendant has intentionally
22   maintained the Food Bowl 99 Facility and in its current condition and has
23   intentionally refrained from altering the Food Bowl 99 Facility so that it
24   complies with the accessibility standards.

25   27. Lerma further alleges that the (continued) presence of barriers at the
26   Food Bowl 99 Facility is so obvious as to establish Food Bowl 99

---

[2] Id.; 28 C.F.R. § 36.211(b)

*Lerma v. Food Bowl 99, Inc. et al.*

Plaintiff's Complaint

Defendant's discriminatory intent.[3]  On information and belief, Lerma avers that evidence of this discriminatory intent includes Food Bowl 99 Defendant's refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Food Bowl 99 Facility; conscientious decision to the architectural layout (as it currently exists) at the Food Bowl 99 Facility; decision not to remove barriers from the Food Bowl 99 Facility; and allowance that Food Bowl 99 Defendant's property continues to exist in its non-compliance state.  Lerma further alleges, on information and belief, that the Food Bowl 99 Facility is not in the midst of a remodel, and that the barriers present at the Food Bowl 99 Facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.[4]

28. La Enrramada Defendant knew that these elements and areas of the La Enrramada Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled.  Moreover, La Enrramada Defendant has the financial resources to remove these barriers from the La Enrramada Facility (without much difficulty or expense), and make the La Enrramada Facility accessible to the physically disabled.  To date, however, La Enrramada Defendant refuses to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

29. At all relevant times, La Enrramada Defendant has possessed and enjoyed sufficient control and authority to modify the La Enrramada Facility to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24

---

[3] E.g., <u>Gunther v. Lin</u>, 144 Cal.App.4th 223, fn.6

[4] Id.; 28 C.F.R. § 36.211(b)

*Lerma v. Food Bowl 99, Inc. et al.*

Plaintiff's Complaint

regulations.   La Enrramada Defendant has not removed such impediments and has not modified the La Enrramada Facility to conform to accessibility standards.   La Enrramada Defendant has intentionally maintained the La Enrramada Facility and in its current condition and has intentionally refrained from altering the La Enrramada Facility so that it complies with the accessibility standards.

30. Lerma further alleges that the (continued) presence of barriers at the La Enrramada Facility is so obvious as to establish La Enrramada Defendant's discriminatory intent.[5]   On information and belief, Lerma avers that evidence of this discriminatory intent includes La Enrramada Defendant's refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the La Enrramada Facility; conscientious decision to the architectural layout (as it currently exists) at the La Enrramada Facility; decision not to remove barriers from the La Enrramada Facility; and allowance that La Enrramada Defendant's property continues to exist in its non-compliance state.   Lerma further alleges, on information and belief, that the La Enrramada Facility is not in the midst of a remodel, and that the barriers present at the La Enrramada Facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.[6]

VI.   FIRST CLAIM

**Americans with Disabilities Act of 1990**

Denial of "Full and Equal" Enjoyment and Use

(McKee Road Shopping Center Defendant)

---

[5] E.g., <u>Gunther v. Lin</u>, 144 Cal.App.4[th] 223, fn.6

[6] Id.; 28 C.F.R. § 36.211(b)

*Lerma v. Food Bowl 99, Inc. et al.*

Plaintiff's Complaint

31. Lerma incorporates the allegations contained in paragraphs 1 through 30 for this claim.

32. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

33. McKee Road Shopping Center Defendant discriminated against Lerma by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of The McKee Road Shopping Center Common Area during each visit and each incident of deterrence.

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

34. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

35. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

36. Here, Lerma alleges that McKee Road Shopping Center Defendant can easily remove the architectural barriers at McKee Road Shopping Center Common Area without much difficulty or expense, and that McKee Road Shopping Center Defendant violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

In the alternative, if it was not "readily achievable" for McKee Road Shopping Center Defendant to remove the McKee Road Shopping Center Common Area's barriers, then McKee Road Shopping Center Defendant violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

<u>Failure to Design and Construct and Accessible Facility</u>

37. On information and belief, the McKee Road Shopping Center Common Area's was designed and constructed (or both) after January 26, 1992 – independently triggering access requirements under Title III or the ADA.

38. The ADA also prohibits designing and constructing facilities or first occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

39. Here, McKee Road Shopping Center Defendant violated the ADA by designing and constructing (or both) the McKee Road Shopping Center Common Area's in a manner that was not readily accessible to the physically disabled public – including Lerma – when it was structurally practical to do so.[7]

<u>Failure to Make an Altered Facility Accessible</u>

40. On information and belief, the McKee Road Shopping Center Common Area's was modified after January 26, 1992, independently triggering access requirements under the ADA.

41. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function

*Lerma v. Food Bowl 99, Inc. et al.*

Plaintiff's Complaint

1    also requires adding making the paths of travel, bathrooms, telephones,

2    and drinking fountains serving that area accessible to the maximum

3    extent feasible. Id.

4    42. Here, McKee Road Shopping Center Defendant altered The McKee Road

5    Shopping Center Common Area's in a manner that violated the ADA and

6    was not readily accessible to the physically disabled public – including

7    Lerma – to the maximum extent feasible.

8    Failure to Modify Existing Policies and Procedures

9    43. The ADA also requires reasonable modifications in policies, practices, or

10   procedures, when necessary to afford such goods, services, facilities, or

11   accommodations to individuals with disabilities, unless the entity can

12   demonstrate that making such modifications would fundamentally alter

13   their nature.  42 U.S.C. § 12182(b)(2)(A)(ii).

14   44. Here, McKee Road Shopping Center Defendant violated the ADA by

15   failing to make reasonable modifications in policies, practices, or

16   procedures at the McKee Road Shopping Center Common Area's, when

17   these modifications were necessary to afford (and would not

18   fundamentally alter the nature of) these goods, services, facilities, or

19   accommodations.

20   45. Lerma seeks all relief available under the ADA (i.e., injunctive relief,

21   attorney fees, costs, legal expense) for these aforementioned violations.

22   42 U.S.C. § 12205.

23   46. Lerma also seeks a finding from this Court (i.e., declaratory relief) that

24   McKee Road Shopping Center Defendant violated the ADA in order to

25   pursue damages under California's Unruh Civil Rights Act or Disabled

26   Persons Act.

27

28

---

[7] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing *Lerma v. Food Bowl 99, Inc. et al.*

Plaintiff's Complaint

## VII.   SECOND CLAIM

### Disabled Persons Act

(McKee Road Shopping Center Defendant)

47. Lerma incorporates the allegations contained in paragraphs 1 through 30 for this claim.

48. California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

49. California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

50. Both sections specifically incorporate (by reference) and individual's rights under the ADA.  See Civil Code §§ 54(c) and 54.1(d).

51. Here, McKee Road Shopping Center Defendant discriminated against the physically disabled public – including Lerma – by denying them full and equal access to the McKee Road Shopping Center Common Area. McKee Road Shopping Center Defendant also violated Lerma's rights under the ADA, and therefore, infringed upon or violated (or both) Lerma's rights under the Disabled Persons Act.

52. For each offense of the Disabled Persons Act, Lerma seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

this action as a private attorney general under either state of federal statutes.
*Lerma v. Food Bowl 99, Inc. et al.*

Plaintiff's Complaint

53. He also seeks to enjoin McKee Road Shopping Center Defendant from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## VIII.  THIRD CLAIM

**Unruh Civil Rights Act**

(McKee Road Shopping Center Defendant)

54. Lerma incorporates the allegations contained in paragraphs 1 through 30 for this claim.

55. California Civil Code § 51 states, in part, that:  All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

56. California Civil Code § 51.5 also states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

57. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

58. McKee Road Shopping Center Defendant aforementioned acts and omissions denied the physically disabled public – including Lerma – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

59. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Lerma by violating the Unruh Act.

*Lerma v. Food Bowl 99, Inc. et al.*

Plaintiff's Complaint

60. Lerma was damaged by McKee Road Shopping Center Defendant wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

61. Lerma also seeks to enjoin McKee Road Shopping Center Defendant from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## IX. FOURTH CLAIM

**Denial of Full and Equal Access to Public Facilities**

(McKee Road Shopping Center Defendant)

62. Lerma incorporates the allegations contained in paragraphs 1 through 30 of this claim.

63. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (build with private funds) shall adhere to the provisions of Government Code §4450.

64. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

65. Lerma alleges the McKee Road Shopping Center Common Area is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the McKee Road Shopping Center Common Area was not exempt under Health and Safety Code § 19956.

66. McKee Road Shopping Center Defendant's non-compliance with these requirements at the McKee Road Shopping Center Common Area aggrieved (or potentially aggrieved) Lerma and other persons with physical

*Lerma v. Food Bowl 99, Inc. et al.*

Plaintiff's Complaint

disabilities.   Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## X. FIFTH CLAIM

### Americans with Disabilities Act of 1990

Denial of "Full and Equal" Enjoyment and Use

(Food Bowl 99 Defendant)

67. Lerma incorporates the allegations contained in paragraphs 1 through 30 for this claim.

68. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

69. Food Bowl 99 Defendant discriminated against Lerma by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Food Bowl 99 Facility during each visit and each incident of deterrence.

Failure to Remove Architectural Barriers in an Existing Facility

70. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).  The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

71. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also

*Lerma v. Food Bowl 99, Inc. et al.*

Plaintiff's Complaint

specifically prohibited if these methods are readily achievable.  <u>Id.</u> § 12182(b)(2)(A)(v).

72. Here, Lerma alleges that Food Bowl 99 Defendant can easily remove the architectural barriers at Food Bowl 99 Facility without much difficulty or expense, and that Food Bowl 99 Defendant violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

73. In the alternative, if it was not "readily achievable" for Food Bowl 99 Defendant to remove the Food Bowl 99 Facility's barriers, then Food Bowl 99 Defendant violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

<u>Failure to Design and Construct and Accessible Facility</u>

74. On information and belief, the Food Bowl 99 Facility was designed and constructed (or both) after January 26, 1992 – independently triggering access requirements under Title III or the ADA.

75. The ADA also prohibits designing and constructing facilities or first occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so.  42 U.S.C. § 12183(a)(1).

76. Here, Food Bowl 99 Defendant violated the ADA by designing and constructing (or both) the Food Bowl 99 Facility in a manner that was not readily accessible to the physically disabled public – including Lerma – when it was structurally practical to do so.[8]

<u>Failure to Make an Altered Facility Accessible</u>

---

[8] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state of federal statutes.
*Lerma v. Food Bowl 99, Inc. et al.*

Plaintiff's Complaint

77. On information and belief, the Food Bowl 99 Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

78. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible.   42 U.S.C. § 12183(a)(2).   Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

79. Here, Food Bowl 99 Defendant altered the Food Bowl 99 Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Lerma – to the maximum extent feasible.

<u>Failure to Modify Existing Policies and Procedures</u>

80. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature.  42 U.S.C. § 12182(b)(2)(A)(ii).

81. Here, Food Bowl 99 Defendant violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Food Bowl 99 Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

*Lerma v. Food Bowl 99, Inc. et al.*

Plaintiff's Complaint

82. Lerma seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

83. Lerma also seeks a finding from this Court (i.e., declaratory relief) that Food Bowl 99 Defendant violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## XI.   SIXTH CLAIM

### Disabled Persons Act

(Food Bowl 99 Defendant)

84. Lerma incorporates the allegations contained in paragraphs 1 through 30 for this claim.

85. California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

86. California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

87. Both sections specifically incorporate (by reference) and individual's rights under the ADA.  See Civil Code §§ 54(c) and 54.1(d).

88. Here, Food Bowl 99 Defendant discriminated against the physically disabled public – including Lerma – by denying them full and equal access to the Food Bowl 99 Facility.  Food Bowl 99 Defendant also violated Lerma's rights under the ADA, and therefore, infringed upon or violated (or both) Lerma's rights under the Disabled Persons Act.

*Lerma v. Food Bowl 99, Inc. et al.*

Plaintiff's Complaint

89. For each offense of the Disabled Persons Act, Lerma seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

90. He also seeks to enjoin FOOD BOWL 99 Defendant from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## XII.   SEVENTH CLAIM

### Unruh Civil Rights Act

(Food Bowl 99 Defendant)

91. Lerma incorporates the allegations contained in paragraphs 1 through 30 for this claim.

92. California Civil Code § 51 states, in part, that:  All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

93. California Civil Code § 51.5 also states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

94. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

95. FOOD BOWL 99 Defendant aforementioned acts and omissions denied the physically disabled public – including Lerma – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

*Lerma v. Food Bowl 99, Inc. et al.*

Plaintiff's Complaint

96. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Lerma by violating the Unruh Act.

97. Lerma was damaged by FOOD BOWL 99 Defendant wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

98. Lerma also seeks to enjoin FOOD BOWL 99 Defendant from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## XIII. EIGHTH CLAIM

### Denial of Full and Equal Access to Public Facilities

(Food Bowl 99 Defendant)

99. Lerma incorporates the allegations contained in paragraphs 1 through 30 of this claim.

100. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (build with private funds) shall adhere to the provisions of Government Code §4450.

101. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

102. Lerma alleges the Food Bowl 99 Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Food Bowl 99 Facility was not exempt under Health and Safety Code § 19956.

*Lerma v. Food Bowl 99, Inc. et al.*

Plaintiff's Complaint

103.   FOOD  BOWL  99  Defendant's  non-compliance  with  these requirements  at  the  Food  Bowl  99  Facility  aggrieved  (or  potentially aggrieved)  Lerma  and  other  persons  with  physical  disabilities. Accordingly,sheseeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## XIV. NINTH CLAIM

**Americans with Disabilities Act of 1990**

Denial of "Full and Equal" Enjoyment and Use

(La Enrramada Defendant)

104.   Lerma  incorporates  the  allegations  contained  in  paragraphs  1 through 30 for this claim.

105.   Title III of the ADA holds as a "general rule" that no individual shall  be  discriminated  against  on  the  basis  of  disability  in  the  full  and equal  enjoyment  (or  use)  of  goods,  services,  facilities,  privileges,  and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

106.   La Enrramada Defendant discriminated against Lerma by denying "full  and  equal  enjoyment"  and  use  of  the  goods,  services,  facilities, privileges and accommodations of the La Enrramada Facility during each visit and each incident of deterrence.

Failure to Remove Architectural Barriers in an Existing Facility

107.   The  ADA  specifically  prohibits  failing  to  remove  architectural barriers,  which  are  structural  in  nature,  in  existing  facilities  where  such removal is readily achievable.  42 U.S.C. § 12182(b)(2)(A)(iv).  The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

*Lerma v. Food Bowl 99, Inc. et al.*

Plaintiff's Complaint

108.   When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable.  Id. § 12182(b)(2)(A)(v).

109.   Here, Lerma alleges that La Enrramada Defendant can easily remove the architectural barriers at La Enrramada Facility without much difficulty or expense, and that La Enrramada Defendant violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

110.   In the alternative, if it was not "readily achievable" for La Enrramada Defendant to remove the La Enrramada Facility's barriers, then La Enrramada Defendant violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### Failure to Design and Construct and Accessible Facility

111.   On information and belief, the La Enrramada Facility was designed and constructed (or both) after January 26, 1992 – independently triggering access requirements under Title III or the ADA.

112.   The ADA also prohibits designing and constructing facilities or first occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so.  42 U.S.C. § 12183(a)(1).

113.   Here, La Enrramada Defendant violated the ADA by designing and constructing (or both) the La Enrramada Facility in a manner that

*Lerma v. Food Bowl 99, Inc. et al.*

Plaintiff's Complaint

1   was not readily accessible to the physically disabled public – including

2   Lerma – when it was structurally practical to do so.[9]

3   <u>Failure to Make an Altered Facility Accessible</u>

4   114.    On information and belief, the La Enrramada Facility was

5   modified after January 26, 1992, independently triggering access

6   requirements under the ADA.

7   115.    The ADA also requires that facilities altered in a manner that

8   affects (or could affect) its usability must be made readily accessible to

9   individuals with disabilities to the maximum extent feasible. 42 U.S.C. §

10  12183(a)(2).  Altering an area that contains a facility's primary function

11  also requires adding making the paths of travel, bathrooms, telephones,

12  and drinking fountains serving that area accessible to the maximum

13  extent feasible. <u>Id</u>.

14  116.    Here, La Enrramada Defendant altered the La Enrramada Facility

15  in a manner that violated the ADA and was not readily accessible to the

16  physically disabled public – including Lerma – to the maximum extent

17  feasible.

18  <u>Failure to Modify Existing Policies and Procedures</u>

19  117.    The ADA also requires reasonable modifications in policies,

20  practices, or procedures, when necessary to afford such goods, services,

21  facilities, or accommodations to individuals with disabilities, unless the

22  entity can demonstrate that making such modifications would

23  fundamentally alter their nature.  42 U.S.C. § 12182(b)(2)(A)(ii).

24  118.    Here, La Enrramada Defendant violated the ADA by failing to

25  make reasonable modifications in policies, practices, or procedures at the

26  La Enrramada Facility, when these modifications were necessary to

27

28  [9] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing *Lerma v. Food Bowl 99, Inc. et al.*

Plaintiff's Complaint

afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

119.    Lerma seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

120.    Lerma also seeks a finding from this Court (i.e., declaratory relief) that La Enrramada Defendant violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## XV.   TENTH CLAIM

### Disabled Persons Act

(La Enrramada Defendant)

121.    Lerma incorporates the allegations contained in paragraphs 1 through 30 for this claim.

122.    California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

123.    California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

124.    Both sections specifically incorporate (by reference) and individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

125.    Here, La Enrramada Defendant discriminated against the physically disabled public – including Lerma – by denying them full and

---

this action as a private attorney general under either state of federal statutes.
*Lerma v. Food Bowl 99, Inc. et al.*

Plaintiff's Complaint

equal access to the La Enrramada Facility.  La Enrramada Defendant also violated Lerma's rights under the ADA, and therefore, infringed upon or violated (or both) Lerma's rights under the Disabled Persons Act.

126.    For each offense of the Disabled Persons Act, Lerma seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

127.    He also seeks to enjoin La Enrramada Defendant from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## XVI.   ELEVENTH CLAIM

### Unruh Civil Rights Act

### (La Enrramada Defendant)

128.    Lerma incorporates the allegations contained in paragraphs 1 through 30 for this claim.

129.    California Civil Code § 51 states, in part, that:  All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

130.    California Civil Code § 51.5 also states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

131.    California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

132.    La Enrramada Defendant aforementioned acts and omissions denied the physically disabled public – including Lerma – full and equal

*Lerma v. Food Bowl 99, Inc. et al.*

Plaintiff's Complaint

accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

133.     These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Lerma by violating the Unruh Act.

134.     Lerma was damaged by La Enrramada Defendant wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

135.     Lerma also seeks to enjoin La Enrramada Defendant from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## XVII. TWELVTH CLAIM

### Denial of Full and Equal Access to Public Facilities

(La Enrramada Defendant)

136.     Lerma incorporates the allegations contained in paragraphs 1 through 30 of this claim.

137.     Health and Safety Code § 19955(a) states, in part, that:  California public accommodations or facilities (build with private funds) shall adhere to the provisions of Government Code §4450.

138.     Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

139.     Lerma alleges the La Enrramada Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the

*Lerma v. Food Bowl 99, Inc. et al.*

Plaintiff's Complaint

1    La Enrramada Facility was not exempt under Health and Safety Code §

2    19956.

3    140.    La Enrramada Defendant's non-compliance with these requirements

4    at the La Enrramada Facility aggrieved (or potentially aggrieved) Lerma

5    and other persons with physical disabilities.   Accordingly, he seeks

6    injunctive relief and attorney fees pursuant to Health and Safety Code §

7    19953.

8                          XVIII.   PRAYER FOR RELIEF

9    WHEREFORE, Lerma prays judgment against McKee Road Shopping Center

10   Defendant for:

11   1. Injunctive relief, preventive relief, or any other relief the Court deems

12       proper.

13   2. Declaratory relief that McKee Road Shopping Center Defendant violated

14       the ADA for the purposes of Unruh Act or Disabled Persons Act

15       damages.

16   3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the

17       California Civil Code (but not both) according to proof.

18   4. Attorneys' fees, litigation expense, and costs of suit.[10]

19   5. Interest at the legal rate from the date of the filing of this action.

20                          XIX.     PRAYER FOR RELIEF

21   WHEREFORE, Lerma prays judgment against Food Bowl 99 Defendant for:

22   1. Injunctive relief, preventive relief, or any other relief the Court deems

23       proper.

24   2. Declaratory relief that FOOD BOWL 99 Defendant violated the ADA for

25       the purposes of Unruh Act or Disabled Persons Act damages.

26

27   ---

[10] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

28   *Lerma v. Food Bowl 99, Inc. et al.*

Plaintiff's Complaint

3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4. Attorneys' fees, litigation expense, and costs of suit.[11]

5. Interest at the legal rate from the date of the filing of this action.

## XX.   PRAYER FOR RELIEF

WHEREFORE, Lerma prays judgment against La Enrramada Defendant for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

2. Declaratory relief that La Enrramada Defendant violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4. Attorneys' fees, litigation expense, and costs of suit.[12]

5. Interest at the legal rate from the date of the filing of this action.


Dated: November 3, 2010                         /s/ K. Randolph Moore
                                                K. Randolph Moore
                                                Attorney for Plaintiff

---

[11] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

[12] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Lerma v. Food Bowl 99, Inc. et al.*

Plaintiff's Complaint